UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERBERT APONTE,

                        Petitioner,

        -against-

JUDGE,[1]

                        Respondent.

21-CV-6539 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is not presently detained, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Petitioner appears to challenge his arrest and pending criminal proceedings in the Bronx Criminal Court. By order dated August 19, 2021, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). For the reasons discussed below, the Court denies the petition.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them

---

[1] The proper respondent in a *habeas corpus* petition is the warden, custodian, or superintendent of the facility where petitioner is in custody. *See* Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

"to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this section 2254 petition challenging the validity of his arrest and his criminal proceedings in the Bronx Criminal Court. He asserts that after a woman filed two complaints against him with the police, on Sunday, July 18, 2021, the police conducted an "illegal raid" at his home without a warrant or exigent circumstances. (ECF 1 at 5.) Petitioner asserts that the complainant knew that he was a member of the Jehovah's Witnesses, and that he had religious services every Sunday morning over Zoom. Yet, the police arrested him on a Sunday after his religious service ended. In addition, the police failed either to notify him of the accusations against him, or to conduct an investigation before arresting him. Petitioner seeks the dismissal of all charges.

According to public records maintained by the New York State Unified Court System, the New York City Police Department arrested Petitioner on July 18, 2021, on misdemeanor charges of forcible touching and assault in the third degree under NYPL §§ 130.52 and 120.00. *See People v. Aponte*, No. CR-010462-21BX (Bx. Crim. Ct.) . Petitioner, who is represented by counsel in the criminal case, was released on his own recognizance, and the next court appearance is scheduled for September 23, 2021. *See id*.

## DISCUSSION

Petitioner seeks *habeas corpus* relief under section 2254, which is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). As Petitioner

challenges the validity of his arrest and ongoing criminal proceedings in the Bronx Criminal Court, rather than his custody pursuant to a state-court judgment, section 2254 is not a proper vehicle for the relief he seeks.

Petitioner's application may liberally be construed as a petition for *habeas corpus* relief under 28 U.S.C. § 2241. Relief under section 2241 is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *Habeas corpus* relief under section 2241 is not restricted only to situations in which the applicant is in actual, physical custody, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984), but it is available so long as a petitioner suffers from substantial restraints not shared by the general public, *see*, *e.g.*, *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *see also Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) ("The custody requirement of the *habeas corpus* statute is designed to preserve the writ of *habeas corpus* as a remedy for severe restraints on individual liberty."). Courts have allowed state petitioners on bail, parole, supervised release, and those released on their own recognizance who are subjected to restraints to pursue such petitions. *See, e.g., Hensley*, 411 U.S. at 351 (a petitioner who has been released on his own recognizance pending execution of his sentence is "in custody" because he is "subject to restraints not shared by the public generally"); *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016) (one-year conditional discharge requiring performance of one day of community service is sufficient restraint on liberty to satisfy the custody requirement).

Even if the Court were to construe Petitioner's application as a petition under section 2241, it must be denied. Petitioner, who has been released on his own recognizance, brings this *habeas corpus* action challenging the constitutionality of his arrest and seeking the dismissal of the criminal charges against him. Section 2241 provides a narrow window for a

person to challenge pretrial matters, but a section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners") (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). A pending state prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant,* 421 U.S. 117, 124 (1975); *see also Baker v. Supreme Court for New York*, No. 12-CV-4750 (BMC), 2012 WL 4739438, at *2 (E.D.N.Y Oct. 3, 2012).

Here, abstention under *Younger* is appropriate because the relief Petitioner seeks would require the Court to review or intervene in his ongoing state-court criminal proceedings. New York State has an important state interest in enforcing its criminal laws, and Petitioner does not assert any facts suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Nor does he state any facts suggesting that the state forum is in any way inadequate to challenge the constitutionality of his prosecution. As each of the requirements for *Younger*

abstention is satisfied in this case – Petitioner's state criminal proceeding is still pending, involves important state interests, and will afford him the opportunity to present his constitutional objections to the alleged violations − this Court must abstain from interfering in Petitioner's ongoing criminal prosecution. *See Sprint*, 134 S. Ct. at 588.

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2254, is denied. All other pending matters are terminated.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  August 23, 2021
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge